# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 24-53688 |
| Ryan Firestone<br>Sara Firestone,<br>　　　Debtors. | Chapter 13<br><br>Judge John E. Hoffman, Jr. |

## DEBTOR'S OBJECTION TO PROOF OF CLAIM # 13

Now come the debtors, through counsel, to object to the claim of Quantum3 Group, LLC as agent for Aqua Finance, Inc. (Claim # 13) in the above captioned case.

| | |
|---|---|
| Claim No.: | 13 |
| Claimant: | Quantum3 Group, LLC<br>As agent for Aqua Finance, Inc.<br>PO Box 788<br>Kirkland, WA 98083 |
| Total Claim: | $43,261.36 |
| Disputed Amount: | $43,261.36 as secured |
| Claim Filed: | October 25, 2024 |

Support for Debtors' Objection is more fully set forth in the attached memorandum.

Respectfully submitted,

/s/ Laura M. Nesbitt
Laura M. Nesbitt (0082629)
*Counsel for Debtors*
Tax Workout Group, PA
175 South 3rd Street, Suite 200
Columbus, OH 43215
(614) 800-0260 – phone
(614) 808-1627– fax
bk@taxworkoutgroup.com

## MEMORANDUM

Ryan and Sara Firestone ("Debtors") filed for protection under Chapter 13 of the bankruptcy code on September 13, 2024. A Chapter 13 plan has been proposed but is not yet confirmed.

On October 25, 2024, Quantum3 Group, LLC as agent for Aqua Finance, Inc. ("Creditor") filed Claim #13 in the amount of $43,261.36 as a secured claim. Creditor alleges the claim is secured against Debtors' residence based on a UCC Filing. The UCC filing was made by Creditor on June 19, 2020, a UCC Financing Statement was filed with the Union County, Ohio Recorder's Office, Instrument No. 202006190005881, listing home improvement/basement remodel as collateral. There is no tangible collateral that secures the UCC filing nor does the Creditor's underlying retail installment contract list any specific collateral securing the loan other than basement remodel. Further, there is no proof provided in Creditor's proof of claim filing indicating that Debtors consented to a lien on their real property by Creditor. At best, the UCC filing by creditor is a failed attempt to place a mechanic's lien on Debtors' real property. However, no such lien was formed because Creditor did not comply with the Ohio Revised Code §1311.01 to create a valid mechanic's lien. These requirements are set forth in Ohio Rev. Code § 1311.06(A) as follows:

> Any person, or the person's agent, who wishes to avail self of sections 1311.01 to 1311.22 of the Revised Code, shall make and file for record in the office of the county recorder in the counties in which the improved property is located, an affidavit showing the amount due over and above all legal setoffs, a description of the property to be charged with the lien, the name and address of the person to or for whom the labor or work was performed or material was furnished, the name of the owner, part owner, or lessee, if known, the name and address of the lien claimant, and the first and last dates that the lien claimant performed any labor or work or furnished any material to the improvement giving rise to the claimant's lien. If the affidavit is recorded, the omission or inaccuracy of any address in the

affidavit does not affect its validity. The affidavit may be verified before any person authorized to administer oaths, whether agent for the owner, part owner, lessee, lien claimant, or an interested or other party.

Here, Creditor has not attached a verified affidavit or proven such was served to Debtors. Moreover, the filing of the UCC in the Union County Recorder's Office fails to specify the first and last dates that the lien claimant performed any labor or work or furnished any material to the improvement giving rise to the claimant's lien as required by the Statute. The statute requires that this information be included in the affidavit. "Each of the requirements set forth in this provision is mandatory and the failure to comply with any of them precludes the attachment of a mechanic's lien." *Chaffin v. Gladney* (*In re Chaffin*), 276 B.R. 203 (Bankr. S.D. Ohio 2001), referencing *In re King,* 37 B.R. 69 (Bankr.S.D.Ohio 1984).

Because Creditor's claim does not meet any of the criteria to deem it as a valid secured claim, Creditor's claim should be deemed unsecured and paid as a general unsecured non-priority claim

WHEREFORE, the Debtors respectfully request that this Court enter an Order granting Debtors' objection to Claim #13 of Quantum3 Group, LLC as agent for Aqua Finance, Inc. and **disallowing the claim as a secured claim**, in its entirety; allowing the claim as a general unsecured non-priority claim in the amount of $43,261.36, with no interest to be paid on the claim unless an interest rate is set to be paid on unsecured claims pursuant to any confirmed plan, and for further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Laura M. Nesbitt  
Laura M. Nesbitt (0082629)  
*Counsel for Debtors*  
Tax Workout Group, PA  
175 South 3rd Street, Suite 200

Columbus, OH 43215<br>
(614) 800-0260 – phone<br>
(614) 808-1627– fax<br>
bk@taxworkoutgroup.com

## NOTICE OF OBJECTION TO CLAIM

The Debtor(s) has filed an Objection to your claim in this bankruptcy case. **Your claim may be reduced, modified, or eliminated.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to reduce, modify, or eliminate your claim, then on or **before thirty (30) days from the date set forth in the certificate of service for the objection to claim**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to 170 North High St., Columbus, OH 43215, or your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the above date.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:

Laura M. Nesbitt, Tax Workout Group, PA, 175 South 3rd St. Suite 200, Columbus, OH 43215 and all other parties in interest.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to claim and may enter an order reducing, modifying, or eliminating your claim without further notice or hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to claim and 30-day notice was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary U.S. Mail on December 16, 2024, addressed to:

Ryan and Sara Firestone
10003 Viburnum Drive
Plain City, OH 43064

Quantum3 Group, LLC
As agent for Aqua Finance, Inc.

PO Box 788
Kirkland, WA 98083

Service was also made via Certified Mail pursuant to Rule 7004 on December 16, 2024, addressed to:

Quantum3 Group, LLC
As agent for Aqua Finance, Inc.
Attn: CEO
22102 17th Ave. SE, Suite 220
Bothell, WA 98021

                                                /s/Laura M. Nesbitt
                                                Laura M. Nesbitt
                                                Counsel for Debtors